UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KARON BONDS

    Plaintiff,

vs.

PANAMA CITY HOUSING
AUTHORITY

    Defendant

CIVIL ACTION NO.:

# COMPLAINT

## INTRODUCTION

NOW INTO COURT through undersigned counsel, comes Karon Bonds, who brings claims against her former employer, Defendant Panama City Housing Authority ("Defendant") for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. Section 2612(a)(1) and the anti-retaliatory provisions found in Section 2615(a)(1) and (2) and (b)(1). Plaintiff also brings an action for the violation of the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended, and alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. §1331, this action involving questions of federal law.

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff Bonds at all times pertinent hereto was a resident of the State of Florida and worked for Defendant from November 2019 to June 2020.

4. Named Defendants herein is Panama City Housing Authority, a Florida entity authorized to and doing business in the Bay County, State of Florida.

## FACTUAL ALLEGATIONS

5. All previous paragraphs are incorporated as though fully set forth herein.

6. Plaintiff worked for Defendants as a fulltime employee from November 2019 to June 2020.

7. Throughout her employment with Defendant, Plaintiff Bonds performed her duties in an exemplary fashion. Plaintiff was considered an exceptional employee and had no significant history of performance, attendance, or disciplinary issues.

8. In June 2020 Plaintiff began experiencing the symptoms of COVID-19 and was tested for the same.

9. On June 12, 2020, Plaintiff's first COVID-19 test came back inconclusive.

10. Plaintiff immediately informed her direct supervisor and was advised that she could not return to work until her test results came back negative.

11. Accordingly, Plaintiff took to a second COVID-19 test on June 15, 2020.

12. On June 19, 2020 the results of that test were returned as negative for the virus, and Plaintiff immediately advised her employer of her results.

13. Plaintiff was expecting clearance to return to work, and she constantly updated the Defendant about her medical condition and indicated that she was able to return to work.

14. However, rather than allow Plaintiff to return to work, Defendant fired Plaintiff on June 19, 2020, within 20 minutes of learning that she had tested negative and was cleared to return to work. Defendant's stated reason for terminating Plaintiff: she missed her performance review because it was scheduled on June 15, 2020, during the time that she was on leave and under quarantine due to her COVID-19 diagnosis when she (obviously) could not be physically present at work for the review.

15. Plaintiff was unlawfully and retaliatorily terminated by her employer.

16. Defendant violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended, when

it fired Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

17. Defendants did not have a subjective or objective good faith basis for their actions, and Plaintiff is therefore entitled to liquidated damages.

18. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

19. Plaintiff seeks to recover damages pursuant to the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended; and any other remedy, as allowable by law.

## COUNT I:
## VIOLATION OF THE FAMILY FIRST CORONAVIRUS RESPONSE ACT ("FFCRA") P.L. 116-136, AS AMENDED

20. All previous paragraphs are incorporated as though fully set forth herein.

21. On June 12, 2020, Plaintiff's employer advised her that she needed a negative COVID-19 test to return to work.

22. At that time, Plaintiff: (1) was subjected to a Federal, State, or Local quarantine or isolation order related to COVID-19; (2) had been advised by a

health care provider to self-quarantine related to COVID-19; and (3) Plaintiff was under observation because of a potential COVID-19 diagnosis.

23. Defendant violated the FFCRA by discharging Plaintiff from her position based upon her potential COVID-19 diagnosis and orders from her physician to self-isolate.

24. Under the FFCRA, employers are to provide their employees with paid sick leave up to two (2) weeks or eighty (80) hours at their regular rate of pay, which the Defendant did.

25. However, the Defendant terminated Plaintiff on or about June 19, 2020.

26. Defendant was fully aware of the health status of the Plaintiff by virtue of the regular updates she provided to her supervisor.

27. Rather than allow Plaintiff to return to work, she was unlawfully and retaliatorily terminated by her employer.

28. Plaintiff's need for time off work, due to the concerns related to COVID-19, was the motivating factor behind her termination.

29. Pursuant to the FFCRA, the Defendant was prohibited from terminating Plaintiff for her mandatory time off work due to COVID-19, and therefore shall be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

30. 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because

such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

31. Defendant willfully and intentionally retaliated against Plaintiff by firing her.

32. The motivating factor which caused the Plaintiff's termination as described above was the quarantine needed to receive the results of her COVID-19 diagnosis.

33. In other words, the Plaintiff would not have been discharged but for her need to quarantine and take a COVID-19 test.

34. Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

35. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## JURY DEMAND

36. Plaintiff demands trial by a jury of all issues so triable as of right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the

Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended;

b. Enter judgment against Defendant that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

c. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

d. Order the Defendant to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. Plaintiff further prays for such additional relief as the interests of justice may require.

Respectfully submitted,

/s/ *Mary Bubbett Jackson*
Mary Bubbett Jackson, (FL Bar No. 100852)
**JACKSON+JACKSON**
1992 Lewis Turner Blvd, Suite 1023
Fort Walton Beach, Florida 32547
T: (850) 200-4594

F: (888) 988-6499
E: mjackson@jackson-law.net
Attorney for Plaintiff